O

JS - 6

cc: transfer order, docket and
remand letter to Los Angeles Superior
Court, Northwest District, Van Nuys
  Case No. 10 B 01372

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVAN, ) | Case No. CV 10-03617 DDP (PJWx) |
| ) | |
| Plaintiff, ) | **Order Remanding Case** |
| ) | |
| v. ) | |
| ) | |
| ROBERT LEVIN et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Steven Levan obtained title in real property located at 5431 Cleon Avenue, North Hollywood, California by way of a Trustee's Deed Upon Sale on January 26, 2010. He then served Defendant Robert Levin – the former owner of the 5431 Cleon Avenue property – with a three-day notice to quit. Defendant Levin did not give up possession of the property, and Plaintiff filed an unlawful detainer action against him in state court on or about March 1, 2010. After a one-day trial, the state court entered judgment in favor of Plaintiff and issued a writ of execution. Defendant filed a Notice of Removal on May 13, 2010, invoking the Court's federal question jurisdiction.

1    Federal courts are courts of limited jurisdiction, having
2 subject matter jurisdiction only over matters authorized by the
3 Constitution and Congress. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511
4 U.S. 375, 377 (1994). A suit filed in state court may be removed
5 to federal court if the federal court would have had original
6 jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action
7 must be remanded to state court if the federal court lacks subject
8 matter jurisdiction. 28 U.S.C § 1447(c). "The burden of
9 establishing federal jurisdiction is on the party seeking removal,
10 and the removal statute is strictly construed against removal
11 jurisdiction." <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d
12 1261, 1265 (9th Cir. 1999). As such, any doubts regarding the
13 propriety of the removal favor remanding the case. <u>See</u> <u>Gaus v.</u>
14 <u>Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).
15    Defendant alleges federal question jurisdiction "resulting
16 from Moving Party's Discovery Request and Demands for: 'THE
17 ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the
18 statutory basis for the discovery request/demands and other
19 claims." (Notice of Removal 2:1-5.) Pursuant to the "well-pleaded
20 complaint rule," federal question jurisdiction generally exists
21 "only when a federal question is presented on the face of the
22 plaintiff's properly pleaded complaint." <u>Caterpillar v. Williams</u>,
23 482 U.S. 386, 392 (1987). No federal question is presented on the
24 face of Plaintiff Levan's unlawful detainer complaint.
25 Accordingly, removal on the basis of federal question jurisdiction
26 was improper, and the case must be remanded to state court.[1]

---

28    [1]    Both parties are citizens of California, and thus,
                                                    (continued...)

2

1       Given the clear lack of subject matter jurisdiction, the Court
2  REMANDS this case to Los Angeles County Superior Court.
3       In addition, the MOTION TO REMAND (FILED ON 06-02-10 / DOCKET
4  NUMBER 4)is vacated.

7  IT IS SO ORDERED.

10 Dated: June 4, 2010

                                        DEAN D. PREGERSON
                                        United States District Judge

---

[1](...continued)
diversity jurisdiction is also lacking.